[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14684
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-00179-ODE-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SABINO ALCOCER GUSTAVO,
a.k.a. Gostoro Alcocer,
a.k.a. Sabino Gustavo,
a.k.a. Oscar Hernandez-Garcia,
a.k.a. Gustavo Ramirez,
a.k.a. Gustavo Sabino-Alcocer,
a.k.a. Gustavo Sabino-Alucser,
a.k.a. Gustavo Sabino-Alcoser,
a.k.a. Omar Sanches,
a.k.a. Fernando Sanchez,
a.k.a. Fernando Javier Sanchez,
a.k.a. Omar Juarez Sanchez,
a.k.a. Gustavo Savino,
a.k.a. Gustavo Sabino,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 11, 2018)

Before MARCUS, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Sabino Alcocer Gustavo appeals his 37-month sentence, imposed following his conviction for one count of unlawful reentry into the United States by a previously deported alien. On appeal, Gustavo argues that his sentence was substantively unreasonable because the district court placed too much emphasis on his guideline range and risk of recidivism, and failed to consider several mitigating factors. After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" Id. at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1] The court

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion. United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). The district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss them all individually, so long as it sets forth enough information to satisfy the reviewing court of the fact that it has considered the parties' arguments and has a reasoned basis for making its decision. United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013).

A sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily. Pugh, 515 F.3d at 1191-92. A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness. Id. at 1192. We will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving

3

at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1191 (quotation omitted). The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Although we do not apply a presumption of reasonableness to a sentence imposed within the guidelines, we ordinarily expect a within-guidelines sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). That a sentence is below the statutory maximum penalty is a further indicator of reasonableness. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

Here, Gustavo has failed to show that his sentence was substantively unreasonable. For starters, the sentence was within his guideline range and well below the statutory maximum of 20 years, two factors which indicate reasonableness. See Hunt, 526 F.3d at 746; Gonzalez, 550 F.3d at 1324; see also 8 U.S.C. § 1326(b)(2). Moreover, contrary to Gustavo's claim, the district court expressly considered his relatively minor criminal history and the fact that he had several family members in the United States. It also considered, however, the fact that he had repeatedly reentered the country unlawfully, and it determined that the presence of his family increased the likelihood that he would do so again. Further,

4

although the court did select a sentence at the top of the guideline range, it specifically considered the parties' arguments, and there is no indication that it placed undue emphasis on the guideline calculations. Ultimately, the district court appeared to rely heavily on Gustavo's pattern of unlawful entry and likelihood of recidivism -- which implicitly includes his history and the need for deterrence -- in selecting the sentence it determined was sufficient but not greater than necessary to achieve the purposes of sentencing. See 18 U.S.C. § 3553(a). The district court had wide discretion to weigh the sentencing factors and was free to attach "great weight" to some over the others, and nothing in the record leads to the "definite and firm conviction that [it] committed a clear error of judgment" in doing so. Rosales-Bruno, 789 F.3d at 1254l; Pugh, 515 F.3d at 1191 (quotation omitted).

Accordingly, the district court did not abuse its discretion in imposing a 37-month sentence, and we affirm.

**AFFIRMED**.